UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Michele Jasper, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>- against -<br><br>Danone North America Public Benefit Corporation,<br><br>Defendant | 1:22-cv-07122<br><br>Class Action Complaint<br><br>Jury Trial Demanded |

Plaintiff alleges upon information and belief, except for allegations about Plaintiff, which are based on personal knowledge:

1. Danone North America Public Benefit Corporation ("Defendant") manufactures, markets, labels, and sells coffee whitener identified as a coffee creamer under the International Delight brand ("Product").

2. Most coffee drinkers add milk in various forms to soften this beverage's naturally strong taste.

3. These products range from skim milk, which has a lower fat content than regular milk, to heavy cream, with a higher fat content.

4. Cream is defined by Merriam-Webster and other dictionaries as the thick part of milk that rises to the top, containing fat.

5. Regulations established by the Food and Drug Administration ("FDA") and adopted by this State, define cream as "the liquid milk product high in fat separated from milk, [with] not less than 18 percent milkfat." 21 C.F.R. § 131.3(a).

6. Coffee cream is a specialized dairy product made for whitening coffee and "contains

not less than 18 percent but less than 30 percent milkfat," with added sweeteners and/or flavorings. 21 C.F.R. § 131.155(a).

7. The Product's flavors include white chocolate raspberry and hazelnut.



8. The bottom corner statement of identity tells purchasers they are buying coffee creamer. 21 C.F.R. § 101.3(b).



9. A statement of identity must be (1) a name required by law or regulation, (2) a

common or usual name or (3) an appropriately descriptive term. 21 C.F.R. § 101.3(b)(1)-(3).

10. No federal law or regulation requires the Product be identified as a "Coffee Creamer."

11. "Coffee Creamer" is not the Product's common or usual name because it is not uniform among all identical or similar products and is confusingly similar to other products labeled as "coffee creamer" which are based on dairy ingredients such as cream. 21 C.F.R. § 102.5(a).

12. For example, the three products below are all described as "coffee creamer" like Defendant's Product.



13. However, the above products are what consumers expect and the law requires when a food is labeled "coffee creamer" because they are made with cream, a dairy ingredient.

3

14. The Product's representation as a "Coffee Creamer" is misleading because it lacks cream or dairy ingredients beyond a *de minimis* amount of sodium caseinate.

**INGREDIENTS:** WATER, SUGAR, PALM OIL, **CONTAINS 2% OR LESS OF:** SODIUM CASEINATE* (A MILK DERIVATIVE), DIPOTASSIUM PHOSPHATE, CARRAGEENAN, MONO AND DIGLYCERIDES, NATURAL & ARTIFICIAL FLAVORS, SODIUM STEAROYL LACTYLATE, SALT.

*SODIUM CASEINATE IS NOT A SOURCE OF LACTOSE.

CONTAINS A MILK DERIVATIVE.

15. In place of cream, the Product substitutes water and palm oil, the first and third ingredients, to reduce costs.

16. The Product is not labeled in a way that distinguishes it from coffee creamers made from cream, through conspicuous statements such as "non-dairy" or "a vegetable product – contains no milk or milk fat."

17. Nor does the label use the generic term "coffee whitener," which does not reference "cream" but describes its function in a non-misleading way.

18. The name of "coffee creamer" applied to products without cream has not been established by common usage. 21 C.F.R. § 102.5(d).

19. Cream is known for its "creamy" taste because milkfat contains hundreds of lactones, aroma compounds which contribute to its taste.

20. The name "coffee creamer" is almost identical to "coffee cream," defined by the FDA as a dairy product.

21. Federal and state law prohibit a food from purporting to be one for which a definition and standard of identity exists. 21 U.S.C. § 343(g).

4

22. For example, the FDA warned a company that by describing its product as "Just Mayo," made without eggs, consumers may be misled to expect the standardized food mayonnaise, which contains eggs.

23. That the product in question was described as "mayo" while the standardized food was "mayonnaise" made no difference, because like "coffee creamer" and "coffee cream," consumers use these terms interchangeably.

24. The "mayo" and "coffee creamer" each contained ingredients not permitted by the standards for mayonnaise and coffee cream, like modified food starch and palm oil, in contrast to decades of consumer familiarity with ingredients for standardized foods.

25. Consumers value coffee cream over non-dairy coffee whiteners because milkfat contains hundreds of aroma compounds, or lactones, which provide its "creamy" taste.

26. Consumers value cream over non-dairy coffee whiteners for its nutritive benefits.

27. Research indicates fats in dairy ingredients do not increase the risk of cardiovascular disease or increase cholesterol, in contrast to vegetable oils like palm oil.

28. Dairy ingredients like cream contains protein, calcium and vitamins A, D, E, and K, absent from vegetable oils like palm oil.

29. Defendant makes other representations and omissions with respect to the Product which are false and misleading.

30. As a result of the false and misleading representations and omissions, the Product is sold at for a price premium, approximately no less than no less than $3.99 for 32 FL OZ (946 mL), excluding tax and sales.

<u>Jurisdiction and Venue</u>

31. Jurisdiction is based on the Class Action Fairness Act of 2005 ("CAFA"). 28 U.S.C.

§ 1332(d)(2).

32.     The aggregate amount in controversy exceeds $5 million, including any statutory and punitive damages, exclusive of interest and costs.

33.     Plaintiff is a citizen of Illinois.

34.     Defendant is a Delaware public benefit corporation with a principal place of business in White Plains, Westchester County, New York.

35.     The class of persons Plaintiff seeks to represent includes persons who are citizens of different states from which Defendant is a citizen.

36.     The members of the class Plaintiff seeks to represent are more than 100, because the Product has been sold with the representations described here for several years, in grocery stores, warehouse club stores, drug stores, convenience stores, big box stores, and online in the States covered by Plaintiff's proposed classes.

37.     Venue is in this District with assignment to the Eastern Division because a substantial part of the events or omissions giving rise to these claims occurred in Cook County, including Plaintiff's purchase, consumption and/or use of the Product, and awareness and/or experiences of and with the issues described here.

## Parties

38.     Plaintiff Michele Jasper is a citizen of Chicago, Cook County, Illinois.

39.     Defendant Danone North America Public Benefit Corporation is a Delaware public benefit corporation liability company with a principal place of business in White Plains, Westchester County, New York.

40.     Plaintiff purchased the Product on one or more occasions within the statutes of limitations for each cause of action alleged, at locations including Food 4 Less, 7030 S Ashland

Ave, Chicago, IL 60636, in 2022, among other times.

41. Plaintiff believed and expected the Product contained cream, a dairy ingredient because that is what the representations and omissions said and implied, on the front label and/or the absence of any reference or statement elsewhere on the front label.

42. Plaintiff was aware of and saw other products represented as "coffee creamer" which were based on cream and not vegetable oils.

43. Plaintiff bought the Product at or exceeding the above-referenced price.

44. Plaintiff paid more for the Product that she would have had she known the representations were false and misleading, as she would not have bought it or paid less.

45. Plaintiff chose between the Product and others represented similarly, but which did not misrepresent their attributes and/or components.

46. Plaintiff intends to, seeks to, and will purchase the Product again when she can do so with the assurance the Product's representations are consistent with its attributes and/or composition.

47. Plaintiff is unable to rely on the labeling of not only this Product, but other similar coffee whiteners because she is unsure whether their representations are truthful.

## Class Allegations

48. Plaintiff seeks certification under Fed. R. Civ. P. 23 of the following classes:

> **Illinois Class:** All persons in the State of Illinois who purchased the Product during the statutes of limitations for each cause of action alleged; and
>
> **Consumer Fraud Multi-State Class**: All persons in the States of Arkansas, South Dakota, Wyoming, North Carolina, Utah, Montana, Idaho, Mississippi, Virginia, and Oklahoma, who purchased the Product during the statutes of limitations for each cause of action alleged.

49. Common questions of issues, law, and fact predominate and include whether Defendant's representations were and are misleading and if Plaintiff and class members are entitled to damages.

50. Plaintiff's claims and basis for relief are typical to other members because all were subjected to the same unfair, misleading, and deceptive representations, omissions, and actions.

51. Plaintiff is an adequate representative because her interests do not conflict with other members.

52. No individual inquiry is necessary since the focus is only on Defendant's practices and the class is definable and ascertainable.

53. Individual actions would risk inconsistent results, be repetitive and are impractical to justify, as the claims are modest relative to the scope of the harm.

54. Plaintiff's counsel is competent and experienced in complex class action litigation and intends to protect class members' interests adequately and fairly.

55. Plaintiff seeks class-wide injunctive relief because the practices continue.

<u>Illinois Consumer Fraud and Deceptive Business Practices Act
("ICFA"), 815 ILCS 505/1, *et seq.*</u>

56. Plaintiff incorporates by reference all preceding paragraphs.

57. Plaintiff relied on the representations and omissions to believe the Product contained cream, a dairy ingredient.

58. Plaintiff would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

<u>Violation of State Consumer Fraud Acts
(Consumer Fraud Multi-State Class)</u>

59. The Consumer Fraud Acts of the States in the Consumer Fraud Multi-State Class are

similar to the consumer protection statute invoked by Plaintiff and prohibit the use of unfair or deceptive business practices in the conduct of commerce.

60. The members of the Consumer Fraud Multi-State Class reserve their rights to assert their consumer protection claims under the Consumer Fraud Acts of the States they represent and/or the consumer protection statute invoked by Plaintiff.

61. Defendant intended that members of the Consumer Fraud Multi-State Class would rely upon its deceptive conduct, which they did, suffering damages.

Breaches of Express Warranty,
Implied Warranty of Merchantability/Fitness for a Particular Purpose
and Magnuson Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq*.

62. The Product was manufactured, identified, marketed, and sold by Defendant and expressly and impliedly warranted to Plaintiff that it contained cream, a dairy ingredient.

63. Defendant directly marketed the Product to Plaintiff through its advertisements and marketing, through various forms of media, on the packaging, in print circulars, direct mail, product descriptions distributed to resellers, and targeted digital advertising.

64. Defendant knew the product attributes that potential customers like Plaintiff were seeking and developed its marketing and labeling to directly meet those needs and desires.

65. Defendant's representations about the Product were conveyed in writing and promised it would be defect-free, and Plaintiff understood this meant that it contained cream, a dairy ingredient.

66. Defendant's representations affirmed and promised that the Product contained cream, a dairy ingredient.

67. Defendant described the Product so Plaintiff believed it contained cream, a dairy ingredient, which became part of the basis of the bargain that it would conform to its affirmations and promises.

68. Defendant had a duty to disclose and/or provide non-deceptive descriptions and marketing of the Product.

69. This duty is based on Defendant's outsized role in the market for this type of Product, a trusted company known for its dairy products.

70. Plaintiff recently became aware of Defendant's breach of the Product's warranties.

71. Plaintiff provided or provides notice to Defendant, its agents, representatives, retailers, and their employees that it breached the Product's express and implied warranties.

72. Defendant received notice and should have been aware of these issues due to complaints by third-parties, including regulators, competitors, and consumers, to its main offices, and by consumers through online forums.

73. The Product did not conform to its affirmations of fact and promises due to Defendant's actions.

74. The Product was not merchantable because it was not fit to pass in the trade as advertised, not fit for the ordinary purpose for which it was intended and did not conform to the promises or affirmations of fact made on the packaging, container or label, because it was marketed as if it contained cream, a dairy ingredient.

75. The Product was not merchantable because Defendant had reason to know the particular purpose for which the Product was bought by Plaintiff, because she expected it contained cream, a dairy ingredient, and she relied on Defendant's skill and judgment to select or furnish such a suitable product.

### Negligent Misrepresentation

76. Defendant had a duty to truthfully represent the Product, which it breached.

77. This duty was non-delegable, based on Defendant's position, holding itself out as having special knowledge and experience in this area, a trusted company known for its high-quality dairy products.

78. These representations and omissions went beyond the specific representations on the packaging, as they incorporated the extra-labeling promises and commitments to quality, transparency and putting customers first that Defendant has been known for.

79. These promises were outside of the standard representations that other companies may make in a standard arms-length, context where products are sold through retailers.

80. The representations took advantage of consumers' cognitive shortcuts made at the point-of-sale and their trust in Defendant.

81. Plaintiff reasonably and justifiably relied on these negligent misrepresentations and omissions, which served to induce and did induce, her purchase of the Product.

### Fraud

82. Defendant misrepresented and/or omitted the attributes and qualities of the Product, that it contained cream, a dairy ingredient.

83. Defendant is one of the largest sellers of dairy products in the world, with a vast regulatory department that could have confirmed its labeling could mislead consumers, but it declined to do so.

### Unjust Enrichment

84. Defendant obtained benefits and monies because the Product was not as represented and expected, to the detriment and impoverishment of Plaintiff and class members, who seek restitution and disgorgement of inequitably obtained profits.

Jury Demand and Prayer for Relief

Plaintiff demands a jury trial on all issues.

**WHEREFORE**, Plaintiff prays for judgment:

1. Declaring this a proper class action, certifying Plaintiff as representative and the undersigned as counsel for the class;

2. Injunctive relief to remove, correct and/or refrain from the challenged practices;

3. Awarding monetary, statutory and/or punitive damages and interest;

4. Awarding costs and expenses, including reasonable fees for Plaintiff's attorneys and experts; and

5. Other and further relief as the Court deems just and proper.

Dated: December 19, 2022

Respectfully submitted,

/s/ Spencer Sheehan
Sheehan & Associates, P.C.
60 Cuttermill Rd Ste 412
Great Neck NY 11021
(516) 268-7080
spencer@spencersheehan.com