THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MICHELE JASPER, individually and on behalf of all other similarly situated, | ) ) ) | |
| *Plaintiff,* | ) ) | No. 22 C 7122 |
| v. | ) ) ) ) | Judge Virginia M. Kendall |
| DANONE NORTH AMERICA PUBLIC BENEFIT CORPORATION, | ) ) ) ) | |
| *Defendant.* | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Michele Jasper bought International Delight "coffee creamer," believing it contained cream. It does not. Jasper sued Defendant Danone North America Public Benefit Corporation, which makes International Delight coffee whiteners, seeking to represent a multi-state class of consumers. Danone moves to transfer venue to the Southern District of New York, where the district court recently dismissed a similar putative class action. (Dkt. 15). For the reasons below, Danone's motion is granted.

**BACKGROUND**

Danone is a Delaware public benefit corporation headquartered in New York. (Dkt. 1 ¶ 39; Dkt. 17 ¶ 3). Danone makes, markets, and sells International Delight brand coffee whiteners. (Dkt. 1 ¶ 1). Although Danone labels International Delight coffee whiteners as "coffee creamers," they do not contain cream—or any dairy ingredient apart from a small amount of sodium caseinate. (*Id.* at ¶¶ 1, 14–15). Danone's decisions about marketing and labeling International Delight coffee

1

whiteners occur in New York, and to a lesser extent, in Colorado. (Dkt. 17 ¶¶ 5–6). Accordingly, evidence concerning Danone's marketing and labeling is in New York or Colorado. (*Id.* at ¶ 7).

Jasper, an Illinois resident, alleges she bought International Delight coffee whitener in Chicago in 2022, believing the product contained cream. (Dkt. 1 ¶¶ 40–41). On December 19, 2022, Jasper sued Danone, seeking to represent consumers of International Delight coffee whitener in Illinois, Arkansas, South Dakota, Wyoming, North Carolina, Utah, Montana, Idaho, Mississippi, Virginia, and Oklahoma. (*Id.* at ¶ 48). She alleges violations of (1) the Illinois Consumer Fraud Act (ICFA), (2) other states' consumer fraud acts, and (3) the Magnuson-Moss Warranty Act (MMWA); and brings state-law claims for (4) breach of warranty, (5) negligent misrepresentation, (6) fraud, and (7) unjust enrichment. (*Id.* at ¶¶ 56–84).

Six months earlier, Jasper's counsel—representing Rosita English, a Texas resident—filed a similar putative class action against Danone in the Southern District of New York. Complaint, *English v. Danone N. Am. Pub. Benefit Corp.*, No. 22-cv-5105 (S.D.N.Y. June 17, 2022), ECF No. 1. English, like Jasper, alleged she purchased International Delight coffee whitener, believing it contained cream. *Id.* at ¶¶ 1, 17, 29, 43, 47–48. English sought to represent consumers in Texas, Montana, Idaho, Alaska, Virginia, Kentucky, Kansas, Nebraska, North Dakota, Iowa, South Carolina, and Utah. *Id.* at ¶ 54. She brought claims under (1) the Texas Deceptive Trade Practices Act (TDTPA), (2) the New York General Business Law (NYGBL), (3) other states' consumer fraud acts, and (4) the MMWA; and for (5) breach of warranty, (6) fraud, and (7) unjust enrichment. *Id.* at ¶¶ 61–92. On June 26, 2023, the district court granted Danone's motion to dismiss English's complaint for failure to state a claim. *English v. Danone N. Am. Pub. Benefit Corp.*, 2023 WL 4187515 (S.D.N.Y. June 26, 2023).

Danone now moves under 28 U.S.C. § 1404(a) to transfer venue of Jasper's case to the Southern District of New York. (Dkt. 15).

## DISCUSSION

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a); *In re Ryze Claims Sols., LLC*, 968 F.3d 701, 707 (7th Cir. 2020). The Court may, in its discretion, transfer the case to another district if: "(1) venue is proper in the transferor district; (2) venue is proper in the transferee district; (3) the transfer will serve the convenience of the parties and witnesses; and (4) the transfer will serve the interests of justice." *Hanover Ins. Co. v. N. Bldg. Co.*, 891 F. Supp. 2d 1019, 1025 (N.D. Ill. 2012). The movant, here Danone, bears the burden of showing "that the transferee forum is clearly more convenient." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219–20 (7th Cir. 1986). The parties do not dispute the propriety of venue in this District or in the Southern District of New York. So the Court turns to convenience and the interests of justice, which favor transfer.

  **A.**   **Convenience**

"In evaluating the convenience of the parties and witnesses, courts weigh the following factors: (1) the plaintiff's choice of forum; (2) the situs of the material events; (3) the relative ease of access to sources of proof; (4) the convenience of the witnesses; and (5) the convenience to the parties of litigating in the respective forums." *Kjaer Weis v. Kimsaprincess Inc.*, 296 F. Supp. 3d 926, 930 (N.D. Ill. 2017) (quotation omitted); *accord Rsch. Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010).

3

1.  **Plaintiff's Choice of Forum**

Jasper's choice of forum deserves some deference—but not much. Usually, the plaintiff's choice of forum receives "substantial deference," especially where the plaintiff has chosen her own home forum. *AL & PO Corp. v. Am. Healthcare Cap., Inc.*, 2015 WL 738694, at *2 (N.D. Ill. Feb. 19, 2015); *see also In re Nat'l Presto Indus., Inc.*, 347 F.3d 662, 664 (7th Cir. 2003) ("[U]nless the balance is strongly in favor the defendant, the plaintiff's choice of forum should rarely be disturbed." (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947))); *Atl. Marine. Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 63 (2013) (observing that "plaintiffs are ordinarily allowed to select whatever forum they consider most advantageous"). But two considerations undermine Jasper's choice.

First, "a plaintiff's choice of forum is afforded less deference when another forum has a stronger relationship to the dispute or when the forum of plaintiff's choice has no connection to the material events." *Amorose v. C.H. Robinson Worldwide, Inc.*, 521 F. Supp. 2d 731, 735 (N.D. Ill. 2007) (citing *Chi., Rock Island & Pac. R.R. Co. v. Igoe*, 220 F.2d 299, 304 (7th Cir. 1955)); *see also Rsch. Automation*, 626 F.3d at 979 ("[A] plaintiff's choice of forum is afforded deference so long as the chosen forum is related to the case."). Here, Jasper's residence and purchase—and those of the putative Illinois class members—are the only connections to Illinois. Most of Danone's relevant marketing and labeling decisions about International Delight coffee whiteners took place in New York, where the corporation has its headquarters. Danone's marketing and labeling decisions in New York are material events underlying Jasper's claims, since she challenges those decisions as misleading. *See, e.g., Kahn v. Target Corp.*, 2023 WL 2306940, at *2 (N.D. Ill. Mar. 1, 2023) (finding the defendant's marketing decisions at its headquarters more important than the plaintiff's purchase in the transferee forum); *Jaramillo v. DineEquity, Inc.*,

4

664 F. Supp. 2d 908, 914 (N.D. Ill. 2009) (similar). Jasper's purchase in Illinois is less material, especially since she also intends to pursue claims on behalf of out-of-state purchasers. *See Kahn*, 2023 WL 2306940, at *2 (reasoning that the importance of the plaintiff's purchases was "undercut by the allegations that consumers across the country experience the same pricing practices").

Second, courts often give less deference—if any—to a putative nationwide class representative's choice of forum. *See, e.g.*, *Kahn*, 2023 WL 2306940, at *2 ("[C]ourts greatly discount the weight given to a plaintiff's choice of forum in putative class actions, particularly when a nationwide class is alleged . . . ."); *Ratliff v. Venture Express, Inc.*, 2019 WL 1125820, at *10 (N.D. Ill. Mar. 12, 2019) (finding deference to the plaintiff's choice of forum "is somewhat diminished" in a putative nationwide class action); *Georgouses v. NaTec Res., Inc.*, 963 F. Supp. 728, 730 (N.D. Ill. 1997) ("[B]ecause plaintiff alleges a class action, plaintiff's home forum is irrelevant."); *see also* 15 Charles Alan Wright et al., Federal Practice and Procedure § 3848 (4th ed. 2023) ("[W]here the plaintiff seeks to vindicate rights of others the plaintiff's venue preference is weakened."). On the other hand, some courts have found that deference remains appropriate in the class-action context. *See AL & PO*, 2015 WL 738694, at *3 ("[U]nnamed class members benefit from the class representative being able to aggressively litigate without significant inconvenience due to travel."); *Dale v. Deutsche Telekom AG*, 2022 WL 6123365, at *3 (N.D. Ill. Oct. 7, 2022) ("The nationwide class . . . presumably benefits from any lessened burden imposed on their representatives."); *O'Connor v. RealPage Inc.*, 2022 WL 1487374, at *2–3 (N.D. Ill. May 11, 2022) (finding a plaintiff's "potential representation of two largely Illinois-based subclasses" in a putative nationwide class action "weighs against transfer").

Since Jasper seeks to represent residents of eleven different states, her choice of forum carries less weight. If Jasper's proposed class is certified, her "choice of venue will not be the

5

home venue for all plaintiffs and any venue selection is bound to be inconvenient to some plaintiffs." *Jaramillo*, 664 F. Supp. 2d at 914; *accord Obento Unlimited v. qMenu Inc.*, 2021 WL 4264374, at *3 (N.D. Ill. Sept. 20, 2021). But Jasper's convenience is not irrelevant. As a putative class representative, she presumably intends to play a more active role in this litigation than the proposed absent class members. *See AL & PO*, 2015 WL 6123365, at *3.

Accordingly, since Jasper's claims have weak ties to Illinois, and this is a putative multi-state class action, the Court gives limited deference to Jasper's choice of forum. This factor weighs slightly against transfer.

### 2. Situs of Material Events

Relatedly, the situs of material events is in New York—not Illinois. Danone is headquartered in New York, its marketing and labeling decisions occurred mostly in New York, and there is evidence in New York. The events in New York are more material to Jasper's claims than the location of Jasper's purchase and injury. *See, e.g.*, *Preston v. Am. Honda Motor Co.*, 2017 WL 5001447, at *3 (N.D. Ill. Nov. 2, 2017) ("[W]here a claim revolves around large-scale misrepresentations or statements to consumers, the situs of material events is where the defendant made the underlying business decisions." (citing *Jaramillo*, 664 F. Supp. 2d at 914)); *accord Gierwatowski v. Trader Joe's Co.*, 2021 WL 2660760, at *1 (N.D. Ill. June 29, 2021).

Jasper insists the opposite—that her injury is more significant than Danone's decision-making. (Dkt. 24 at 6–7). But the extension of Jasper's logic would result in finding that eleven states are the situs of material events since she alleges her purchase and injury are typical of those of the proposed multi-state class. Moreover, the cases Jasper cites are distinguishable. *See Sokja v. DirectBuy, Inc.*, 2014 WL 1089072, at *2 (N.D. Ill. Mar. 18, 2014) (finding the situs of material events neutral in a Telephone Consumer Protection Act case); *Digan v. Euro-Am. Brands, LLC*,

2010 WL 3385476, at *4 (N.D. Ill. Aug. 19, 2010) (reasoning in an employment-discrimination case that both the plaintiff's conduct in Illinois—where she lived, worked, and felt the effects of her termination—and the defendant's decision-making in New Jersey were relevant).

Jasper argues further that Danone's decisions in New York are immaterial because her complaint's claims under the ICFA and other states' consumer fraud acts "do not require intent." (Dkt. 24 at 6). As to ICFA, she misstates the law. *See Connick v. Suzuki Motor Co.*, 675 N.E.2d 584, 593 (Ill. 1996) ("The elements of a claim under the [ICFA]" include "defendant's intent that the plaintiff rely on the deception."). Intent is also an element of Jasper's fraud and negligent misrepresentation claims under Illinois common law. *See id.* at 591 ("The elements of common law fraud" include "defendant's intent that the statement induce the plaintiff to act."); *First Midwest Bank, N.A. v. Stewart Title Guar. Co.*, 843 N.E.2d 327, 334–35 (Ill. 2006) (stating the elements of negligent misrepresentation, including "an intention to induce the other party to act"). So the situs of material events favors transfer.

### 3. Ease of Access to Sources of Proof

The relative ease of access to sources of proof is not a significant consideration here. *See, e.g.*, *Preston*, 2017 WL 5001447, at *4 (noting that "[t]he location of records typically has little impact on the transfer analysis" (citing *AL & PO*, 2015 WL 738694, at *3)). The parties agree that relevant documents are likely stored electronically, if not easily transmitted electronically. (Dkt. 16 at 13 n.2; Dkt. 24 at 6). This factor is therefore neutral.

### 4. Convenience of the Witnesses

Next, the convenience of witnesses slightly favors transfer. Although the convenience of non-party witnesses can be a critical factor, the convenience of employee witnesses—who tend to appear voluntarily—is of less concern. *E.g.*, *AL & PO*, 2015 WL 738694, at *4; *Kahn*, 2023 WL

7

2306940, at *3. Danone's potential employee witnesses, it asserts, are in New York and Colorado. (Dkt. 16 at 12–13; Dkt. 17 ¶¶ 6–7). Although the convenience of Danone's employee witnesses does not weigh heavily, neither party contends that any non-party witnesses are in Illinois.

### 5. Convenience of the Parties

By the same token, the convenience of the parties tips in favor of transfer. Litigating in the Southern District of New York—which is closer to Danone's headquarters and the forum for a similar, earlier-filed putative class action—appears much more convenient to Danone. Although Jasper would prefer to keep her case in this District, her convenience is less compelling, since she is likely replaceable in her proposed role as a class representative. *See Dale*, 2022 WL 6123365, at *5 ("Should litigating this case in the Southern District of New York prove too inconvenient for the named plaintiff, then another named plaintiff can be substituted for her." (quoting *Simonoff v. Kaplan, Inc.*, 2010 WL 1195855, at *2 (N.D. Ill. Mar. 17, 2010))).

### B. Interests of Justice

While convenience leans toward transfer, the interests of justice require it. *See Coffey*, 796 F.2d at 220 (explaining that the interests of justice "may be determinative in a particular case, even if the convenience of the parties and witnesses might call for a different result"); *see also, e.g.*, *De Falco v. Vibram USA, Inc.*, 2013 WL 1122825, at *10 (N.D. Ill. Mar. 18, 2013) (holding that the interests of justice required transfer of a putative class action because a substantially similar class action was pending in the transferee district). The interests of justice include "ensuring speedy trials, trying related litigation together, and having a judge who is familiar with the applicable law try the case." *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1293 (7th Cir. 1989) (citing *Coffey*, 796 F.2d at 221).

In weighing the interests of justice, the Court does not consider the merits of the underlying claims. *Coffey*, 796 F.2d at 221. Instead, the Court focuses on the public's interest in conserving scarce judicial resources by "efficient administration of the court system." *Id.* "[T]o permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent." *Ferens v. John Deere Co.*, 494 U.S. 516, 531 (1990) (quoting *Cont'l Grain Co. v. FBL-585*, 364 U.S. 19, 26 (1960)); *accord De Falco*, 2013 WL 1122825, at *10. Indeed, "the apparent trend among Courts in this District is to grant transfer motions under the key geographic factors present here: the defendant is located in the transferee district, two similar class actions are pending in different federal districts and one of the class actions is pending in the transferee district." *Hecker v. Petco Animal Supplies, Inc.*, 2017 WL 2461546, at *5 (N.D. Ill. June 7, 2017) (quoting *Rosen v. Spirit Airlines, Inc.*, 152 F. Supp. 3d 1055, 1063–64 (N.D. Ill. 2015), and collecting cases). This case does not call for deviation from that trend.[1]

English's action in the Southern District of New York—although recently dismissed—is so similar to Jasper's, this Court's duplicative effort to become familiar with the controversy would be an obvious waste of resources. *See* Complaint, *English*, No. 22-cv-5105, ECF No. 1. Both putative class actions challenge Danone's labeling of International Delight coffee whiteners with identical theories of wrongdoing and harm. English, like Jasper, sought to represent consumers in Montana, Idaho, Virginia, and Utah. Plus, many of the factual allegations in Jasper's Complaint are identical to English's. *Compare* (Dkt. 1), *with* Complaint, *English*, No. 22-cv-5105, ECF No. 1. Side by side, their claims in these two cases overlap substantially. Jasper alleges violations of

---

[1] Jasper's reliance on *Clendenen v. Steak N Shake Operations, Inc.*, 2017 WL 1968604 (C.D. Ill. May 12, 2017), is misplaced. (*See* Dkt. 24 at 5). There, the district court found that a "very similar" case pending in another district did not call for dismissal. *Clendenen*, 2017 WL 1968604, at *2–3. Nonetheless, the court went on to find that the interests of justice required transfer, in large part to avoid the inefficiency of duplicative litigation. *Id.* at *5–7.

9

(1) the ICFA, (2) other states' consumer fraud acts, and (3) the MMWA; and brings state-law claims for (4) breach of warranty, (5) negligent misrepresentation, (6) fraud, and (7) unjust enrichment. Similarly, English brought claims under (1) the TDTPA, (2) the NYGBL, (3) other states' consumer fraud acts, and (4) the MMWA; and for (5) breach of warranty, (6) fraud, and (7) unjust enrichment.[2]

To decide whether claims are duplicative, courts must put substance ahead of form. *See Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993); *Jaramillo*, 664 F. Supp. 2d at 916. The substance of Jasper's ICFA claim parallels English's claims under the TDTPA and NYGBL. These consumer fraud statutes prohibit the same conduct. *Compare* 815 ILCS 505/2 (prohibiting "[u]nfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact"), *with* Tex. Bus. & Com. Code §§ 17.46(b), 17.50(a) (prohibiting "the use or employment by any person of a false, misleading, or deceptive act or practice"), N.Y. Gen. Bus. § 349 (prohibiting "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service"), *and* N.Y. Gen. Bus. § 350 (prohibiting false advertising); *see also Forth v. Walgreen Co.*, 2018 WL 1235015, at *9, 12–13 (N.D. Ill. Mar. 9, 2018) (holding plaintiffs' allegations of fraudulent pricing practices stated a claim under the ICFA, TDTPA, and NYGBL).

The MMWA and state-law breach-of-warranty claims are also similar in substance. *See Zylstra v. DRV, LLC*, 8 F.4th 597, 609 (7th Cir. 2021) ("The MMWA depends on the existence of an underlying viable state-law warranty claim, and so the two claims can be evaluated together and succeed or fail together."); *accord Warren v. Coca-Cola Co.*, 2023 WL 3055196, at *10

---

[2] As to English's common-law claims, the Southern District of New York district court found her allegations insufficient under both New York and Texas law. *English*, 2023 WL 4187515, at *3–6.

(S.D.N.Y. Apr. 21, 2023) ("[C]laims under the Magnuson-Moss Act stand or fall with the express and implied warranty claims under state law . . . ." (quotation omitted)). While there are differences between breach-of-warranty claims under Illinois, New York, and Texas law, neither party argues that those differences distinguish Jasper's claims from English's. *See, e.g.*, *O'Connor v. Ford Motor Co.*, 567 F. Supp. 3d 915, 935–41, 944–47 (N.D. Ill. 2021) (observing that Illinois, New York, and Texas breach-of-warranty statutes codify the Uniform Commercial Code, comparing the states' laws, and concluding that plaintiffs pleaded "at least one viable state law breach of warranty claim for each of the . . . states"); *see also Castillo v. Unilever U.S., Inc.*, 2022 WL 17976163, at *1, 5 (N.D. Ill. Dec. 28, 2022) (explaining that "resolution of some warranty issues may require applying" the particular law of Illinois, New York, or Texas, but not "compliance with an express or implied warranty").

Then, the fraud claims, under Illinois, New York, or Texas common law, are practically identical. *See O'Connor*, 567 F. Supp. 3d at 961 (observing that "the elements of fraud are essentially the same" in Illinois, New York, Texas, and other states). And the unjust-enrichment claims are similar. *Compare Ass'n Benefit Servs., Inc. v. Caremark RX, Inc.*, 493 F.3d 841, 855 (7th Cir. 2007) ("[W]here the plaintiff's claim of unjust enrichment is predicated on the same allegations of fraudulent conduct that support an independent *claim* of fraud, resolution of the fraud claim against the plaintiff is dispositive of the unjust enrichment claim as well."), *with Black v. Wrigley*, 2023 WL 2591014, at *3 (2d Cir. Mar. 22, 2023) (collecting cases and analyzing fraud and unjust-enrichment claims together under New York law), *and Digit. Drilling Data Sys., L.L.C. v. Petrolink Servs., Inc.*, 965 F.3d 365, 379 (5th Cir. 2020) ("Under Texas law, an unjust enrichment claim requires showing that one party 'has obtained a benefit from another by fraud, duress, or the taking of an undue advantage.'" (quotation omitted)).

Permitting these similar claims to proceed in two different district courts would result in duplicative motion practice. It would also present a risk of inconsistent rulings. The inefficiency would grow more severe in the event of appeal, which might require two different circuit courts to decide the same issues for the same parties. Such a waste of time and resources would undermine the public interest in judicial economy.

Certainly, the Southern District of New York's familiarity with English's similar and earlier-filed case factors into the analysis. Despite Jasper's contrary contention, however, weighing the efficiency of transfer does not require "rigid[] adhere[nce] to a first-to-file rule." (Dkt. 24 at 3 (quoting *Rsch. Automation*, 626 F.3d at 980)). Nor does Jasper's pursuit of injunctive relief make transfer improper. (*See* Dkt. 24 at 3–4). As a practical matter, Jasper's standing to pursue injunctive relief is doubtful: since she is now aware that International Delight coffee-whiteners do not contain dairy, the allegedly deceptive labeling cannot fool her in the future. *See Simic v. City of Chicago*, 851 F.3d 734, 738 (7th Cir. 2017) ("To have standing for prospective injunctive relief, a plaintiff must face a 'real and immediate' threat of future injury . . . ." (quoting *City of Los Angeles v. Lyons*, 461 U.S. 995, 102 (1983))); *Camasta v. Jos A. Bank Clothiers, Inc.*, 761 F.3d 732, 741 (7th Cir. 2014) ("Since [plaintiff] is now aware of [defendant's] sales practices, he is not likely to be harmed by the practices in the future . . . [and] is not entitled to injunctive relief.").

Standing aside, Jasper relies on precedent from mirror-image cases, where the same parties have sued each other in different forums over the same issues. *See Rsch. Automation*, 626 F.3d at 980 (explaining that an action seeking coercive relief may receive priority over an earlier-filed mirror-image declaratory-judgment action). In mirror-image cases, an inflexible first-to-file rule could promote races to the courthouse. *See Trippe Mfg. Co. v. Am. Power Conversion Corp.*, 46 F.3d 624, 629 (7th Cir. 1995) ("[T]he mere fact that Trippe first filed the action in Illinois does

not give it an absolute right to choose the forum . . . ."); *accord Tempco Elec. Heater Corp. v. Omega Eng'g Inc.*, 819 F.2d 746, 750 (7th Cir. 1987) ("[T]he federal declaratory judgment is not a prize to the winner of the race to the courthouse." (quotation omitted)); *see also* 15 Charles Alan Wright et al., Federal Practice and Procedure § 3854 (4th ed. 2023) ("[C]ourts have found exceptions to the first-filed rule based on forum shopping, anticipatory conduct, or when other special circumstances justify giving priority to the second action."). But gamesmanship concerns cut the other way where, as here, plaintiffs with the same counsel have brought similar putative class actions against the same defendant in different districts.

Jasper offers no reason why this District is better positioned to provide injunctive relief than the Southern District of New York—sitting in the same state as Danone's headquarters. The Court therefore declines Jasper's invitation to "rigidly adhere" to a rule that suits for injunctive relief always take priority over declaratory-judgement actions. *Cf. Rsch. Automation*, 626 F.3d at 980. The differences between Jasper's and English's cases do not outweigh the sense and efficiency of consolidation. *See, e.g.*, *Ballotti v. Oppenheimer Funds, Inc.*, 2011 WL 13382871, at *5 (N.D. Ill. Feb. 23, 2011) (finding transfer appropriate despite the presence of distinct legal issues in similar cases).

The other interests of justice—namely ensuring a speedy trial and application of familiar law—do not weigh heavily for or against transfer. *See Heller*, 883 F.2d at 1293. This case will proceed expeditiously in either district. Jasper argues that the State of Illinois has an interest in a local court resolving her claims under Illinois law. (Dkt. 24 at 5). No doubt, Illinois law is familiar to this District. But federal courts are well-versed in applying the laws of foreign states. *See De Falco*, 2013 WL 1122825, at *11 n.10 (citing *Miller v. SKF USA, Inc.*, 2010 WL 5463809, at *3 (N.D. Ill. Dec. 29, 2010)). Since Jasper's complaint invokes the consumer fraud acts of various

13

states, this case would likely require any federal court to explore unfamiliar terrain. Notwithstanding Illinois's interest in this Court's application of Illinois law, the public interest in efficient use of the federal courts' resources is far heavier. The inefficiency of repetitive litigation here overshadows any efficiency this Court's familiarity with Illinois law could foster. In the interests of justice, therefore, transfer is appropriate.

## CONCLUSION

For the reasons above, the Court grants Danone's motion to transfer venue [15] and directs the Clerk of Court to transfer the case to the Southern District of New York forthwith under 28 U.S.C. § 1404(a) for all further proceedings.

_____
Virginia M. Kendall
United States District Judge

Date: July 12, 2023